IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRESA HALE and
TIMOTHY HALE,

      Plaintiffs,

v.

                                            Case No. 14-cv-0313 JCH/GBW

CHAVES COUNTY
BOARD OF COMMISSIONERS, *et al*.

      Defendants.

## ORDER GRANTING STAY

This matter comes before the Court upon Defendant Ouillette's Opposed Motion to Stay Pursuant to the Servicemembers Civil Relief Act (*Doc. 13*).   The Court has reviewed the briefing and determined that no hearing is necessary.   *See docs. 13, 14, 15*. The Court finds that the motion is well taken and should be granted.

The Servicemembers Civil Relief Act ("SCRA") provides that "[a]t any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days," if the servicemember meets two conditions.   50 App. U.S.C. § 522(b)(1) (2008).   The servicemember must submit a "letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the

servicemember's ability to appear and stating a date when the servicemember will be available to appear, [and a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 App. U.S.C. § 522(b)(2).

In his motion and the attached memorandum from his commander, Defendant Ouillette has met these requirements. With respect to the first requirement, the memorandum establishes that he is currently deployed to a security forces squadron in Kuwait. *Doc. 13*, Ex. 1. Moreover, it establishes that his commander -- the person most familiar with his duties and ability to communicate back to the States – concludes that his "current military duties prevent him from participating in the . . . litigation . . . prior to his return from his deployed location . . . ." *Id*., Ex. 1. Finally, in the motion, his attorney avers that she "is unable to work with him to draft an Answer or determine the extent to which other defenses may be raised in coordination with other Defendants." Together, these submitted facts satisfy the first SCRA requirement. *Id*.

With respect to the second requirement, Defendant Ouillette has submitted a communication from his commander that his "current military duties prevent him from . . . appearing in court prior to his return from his deployed location, and leave is not authorized for that purpose at this time." *Id*., Ex. 1. These statements from his commander clearly meet the second SCRA requirement.

Having met these requirements, Defendant Ouillette is entitled to a stay of not less than 90 days.

Next, the Court must determine if the case should be stayed entirely or if it should be permitted to continue with respect to the remaining defendants. Of course, the other defendants do not, in their own right, have claim to a stay. However, the SCRA provides that the plaintiff may proceed against those other defendants only with the approval of the court. 50 App. U.S.C. § 525. Under this provision, the Court has the discretion to limit the stay under the SCRA to only the servicemember defendant. As with all discretionary decisions, many factors are relevant. These include, but are not limited to, prejudice to the servicemember, prejudice to the plaintiff, and judicial economy. In the qualified immunity context, the Supreme Court has clearly recognized the significant risk of prejudice to a party if the case proceeds without them despite their entitlement to a stay. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Those concerns apply here as well. Notwithstanding Plaintiffs' claim of

great prejudice, they point to no facts in support. The stay would last only 90 days from this date and the Court sees no prejudice to such a delay beyond the wait that accompanies any stay. Finally, judicial economy is served by keeping all parties at the same place in the litigation. Permitting Plaintiff to proceed against the non-servicemember Defendants will simply lead to duplicate hearings on discovery and scheduling matters. Having considered all these factors, the Court has determined to stay the case entirely for 90 days from the date of this order.

IT IS HEREBY ORDERED that Defendant Ouillette's Opposed Motion to Stay Pursuant to the Servicemembers Civil Relief Act (*Doc. 13*) is GRANTED. As to all Defendants, the case will be STAYED for 90 days from the date of this order.

_____
GREGORY B. WORMUTH
United States Magistrate Judge